UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

SADEK LAW OFFICES
701 East Gate Dr., Ste 129
Mt. Laurel, NJ 08054
(856) 890-9003;
Fax (215) 545-0611
Attorney(s) for Debtor

Order Filed on June 26, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Amanda Hassett

Case No.: 23-16995 (MBK)

Hearing Date: _____

Chapter: 13

Judge: Michael B. Kaplan

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: June 26, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as ___308 Jamestown Road, Beverly, NJ 08010___, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Maria Jobes-Hogan for Sellers; Felix Gonzalez for Buyer |
| Amount to be paid: | $11,224.30 - for Sellers realtor; $10,725.00 for Buyers realtor |
| Services rendered: | Represent parties from listing of property to Closing |

**OR:** ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ __27,900.00__ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

a. Title shall be conveyed by the Debtor, Amanda Hassett and non-filing spouse, Mark Hassett;
b. All normal and customary settlement and closing fees and costs are listed on the HUD Settlement Sheet are authorized to be paid at the time of Closing;
c. The fourteen (14) day waiting period for Court approval to Closing is hereby waived. Closing may occur immediately upon entry of this Order;
d. The sale is free and clear of liens and encumbrances excepting Lakeview Loan Servicing and Police and Fire Federal Credit Union as listed on Final HUD Settlement Sheet. Lakeview Loan Servicing and Police and Fire Federal Credit Union are to be paid in full pursuant to a written pay off statement(s) to be ordered before the close of escrow and listed on the Final HUD Settlement Sheet. Said payoff statement(s) shall not have expired at the time of Closing. Lakeview Loan Servicing and Police and Fire Federal Credit Union as listed on the Final HUD Settlement Sheet shall receive funds within 48 (forty-eight) hours of the Closing;
e. If the Sale is not completed within ninety (90) days of the entry of this Order, the Motion to Sell shall be deemed moot;
f. Supplemental attorney fees are subject to further Order of the Court;
g. Where applicable, Debtor shall file Amended Schedule J and Amended Plan no later than thirty (30) days after the date of this Order; and
h. Debtor shall be paid non-exempt proceeds in the amount of $27,9000 at the time of Closing;
j. Non-Filing Spouse, Mark Hassett, shall be paid one-half interest in equity in the amount of $34,785.68 at the time of Closing;
i. Non-exempt proceeds after all payoffs, closing costs, disbursements in the amount of $6,871.15 shall be disbursed to the Chapter 13 Trustee.

*rev.1/12/22*